IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LAVAN YANKTON, SR.                                                        PLAINTIFF

V.                                      NO. 4:14-CV-34-DMB-SAA

CHRISTOPHER EPPS, ET AL.                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* prisoner complaint of LaVan Yankton, Sr., who challenges the conditions of his confinement under 42 U.S.C. § 1983. Yankton has also conceded that he has not exhausted his administrative remedies – and has moved for the Court to stay the instant case to give him time to do so. For the purposes of the Prison Litigation Reform Act, the Court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to exhaust administrative remedies.

**Factual Allegations**

Yankton's claims arise out of allegations that Mississippi Department of Corrections ("MDOC") officials will not permit him to grow his hair longer than three inches, the maximum length permitted under MDOC policy. On one occasion, MDOC officials pinned Yankton down and forcibly cut his hair when he refused because it violates the tenets of his religion. Yankton's religious beliefs forbid him to cut his hair, and he believes that the policy in question infringes upon his religious freedom under the First Amendment to the United States Constitution.

**Exhaustion of Administrative Remedies**

Although exhaustion of administrative remedies is an affirmative defense, normally to be pled by a defendant, the Court may dismiss a *pro se* prisoner case if failure to exhaust is apparent on the face of the pleadings. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The administrative remedy program ("ARP") in place at MDOC facilities, including the facilities at the Marshall County Correctional Facility, has been approved by this Court in *Gates v. Collier*, No. GC 71-6-S-D (N.D. Miss. 1971) (order dated February 15, 1994). A district court may dismiss a lawsuit if the plaintiff fails to complete the ARP. *Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied,* 119 S. Ct. 1809, 143 L. Ed. 2d 1012 (1999) (quoting *Rocky v. Vittorie,* 813 F.2d 734, 736 (5th Cir. 1987)). The exhaustion requirement is not jurisdictional. *Underwood,* 151 F.3d at 293-95. However, "[a]bsent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies must be exhausted before the filing of suit should be imposed." *Wendell v. Asher,* 162 F.3d 887, 890-91 (5th Cir. 1998); *Smith v. Stubblefield*, 30 F. Supp. 2d 1168, 1170 (E.D. Mo. 1998). A prisoner must exhaust administrative remedies *before* filing suit in federal court. *Ferrington v. Louisiana Dep't of Corr.*, 315 F.3d 529 (5th Cir. 2002). "To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted).

In his current motion for the Court to stay the present case to permit him to exhaust administrative remedies, Yankton concedes that he has not done so. For this reason, the instant case must be dismissed without prejudice for failure to exhaust administrative remedies.

**SO ORDERED**, this the 1st day of July, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**