# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LAVAN YANKTON, SR.**                                                   **PLAINTIFF**

**V.**                                              **NO. 4:14-CV-34-DMB-RP**

**CHRISTOPHER EPPS, et al.**                                       **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the February 15, 2018, Report and Recommendation of United States Magistrate Judge Roy Percy. Doc. #69.

## I
## Procedural History

On or about March 4, 2014, LaVan Yankton, Sr. filed a pro se prisoner complaint against several employees of the Mississippi State Penitentiary ("MSP"). Doc. #1. On or about March 28, 2014, Yankton amended his complaint. Doc. #13. On June 9, 2014, the defendants answered the complaint and amended complaint. Doc. #22.

On July 1, 2014, this Court dismissed Yankton's case without prejudice for failure to exhaust, which he successfully appealed in 2016. *See* Doc. #29; Doc. #56. On remand, the Court dismissed Yankton's complaint on June 7, 2017, for failure to prosecute. Doc. #59. On Yankton's motion filed on or about June 24, 2017, the Court withdrew the June 7, 2017, order and judgment and reopened the case. Doc. #61; Doc. #63.

Also on or about June 24, 2017, Yankton filed a motion for declaratory judgment regarding the compulsory cutting of his hair over his religious objections. Doc. #62. Then, on or about August 7, 2017, Yankton filed another motion for declaratory judgment seeking the same relief.[1] Doc. #66. The defendants did not respond to either motion.

---

[1] Yankton's August 7, 2017, motion is titled, "Reconsideration of the Declaratory Judgment."

On February 15, 2018, United States Magistrate Judge Roy Percy issued a Report and Recommendation recommending that Yankton's motions for declaratory judgment be denied, concluding that "a motion for declaratory judgment is inappropriate" because "[t]he issue [Yankton] seeks to adjudicate through the instant motion is the very one he is litigating in the present case" and "declaratory relief is only available when there is an actual controversy that has not reached the stage at which either party may seek a coercive remedy." Doc. #69 at 3. Yankton acknowledged receipt of the Report and Recommendation on or about February 21, 2018. Doc. #70. On or about February 28, 2018, Yankton filed objections to the Report and Recommendation. Doc. #71.

## II
## Analysis

Where objections to a report and recommendation have been filed, a court must conduct a "de novo review of those portions of the … report and recommendation to which the [parties] specifically raise objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F.Supp.2d 824, 828 (E.D. Tex. 2009) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)) (internal citation omitted).

In his objections, Yankton argues that (1) he has a right to have a jury determine the facts of his case, and (2) because he is still in the custody the Mississippi Department of Corrections,[2] an actual case or controversy exists. Doc. #71 at 3. Neither objection is persuasive.

Yankton's first objection—that has a right to have a jury determine the facts of his case— has no bearing on his motions for declaratory judgment.

---

[2] On or about February 12, 2018, Yankton updated his address of record and informed the Court that he has been released on earned release supervision. Doc. #68.

As for Yankton's second objection, he is correct that a case or controversy exists between him and the defendants, which is required under the Declaratory Judgment Act. 28 U.S.C. § 2201(a) ("In a case of actual controversy …."). However, "courts regularly reject declaratory-judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F.Supp.3d 737, 776 (N.D. Tex. 2017) (alteration omitted); *see* 10B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2751 (4th ed. 2017) ("[Declaratory judgment] gives a means by which rights … may be adjudicated in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy …."). Here, Yankton seeks a declaratory judgment that the defendants violated his rights by cutting his hair over his religious objections. Because this claim is raised in Yankton's amended complaint, *see* Doc. #13 at 27, declaratory judgment is not warranted. Accordingly, Yankton's objections are overruled.

The Court has conducted a de novo review of the Report and Recommendation and found no error. Accordingly, the Report and Recommendation [69] is **ADOPTED** and Yankton's motions for declaratory judgment [62][66] are **DENIED**.

**SO ORDERED**, this 19th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**